[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on plaintiff's motion for Genetic Testing to determine the paternity of the minor child, Renee, born August 6, 1982.
This file and the divorce file, (Gloria Scranton v. George Scranton FA #243247) have had a long history before this court.
The Scrantons were married on November 7, 1975. During the course of that marriage Renee was born. Subsequently on July 29, 1986 Judge Mingone dissolved the marriage finding Renee to be issue of the marriage ( as claimed in the complaint ) and awarded physical custody to Gloria Scranton and visitation rights to George Scranton. George Scranton has paid and continues to pay child support pursuant to the court's order.
The petitioner, Anthony Proto, was not a party to the dissolution nor did he contest the court's determination as to Renee being issue of the Scranton marriage. Also, Proto was present during most, if not all, of the dissolution proceedings.
The plaintiff now petitions the court to order HLA testing to determine paternity of the child.
The defendant, George Scranton, claims that paternity has already been conclusively and legally determined by Judge Mignone and that further litigation is barred by the doctrines of Res Judicata, collateral Estoppel and/or Equitable Estoppel, laches and waiver.
This court has read all of the decisions of prior judges in both the paternity and dissolution files. It has also read the extensive trial memorandum filed by counsel. In addition substantial research and assistance has been rendered by the Legal Research Department. All of the cases cited in the above memorandums and research materials have been carefully reviewed.
The most pivotal decision read by this court is Mancuso v. Kim Dorsey, et al (Sup. Court Jud. Dist. of New Haven at Meriden, March 1, 1990, Docket # CV 89-0233398S) Judge McWeeny presiding.
The factual situation in the Mancusso case appears to be similar to the one presently before the court. If anything, however, it appears that the present case is even stronger than the Mancuso case in its requirement that the doctrine of equitable estoppel be applied to defeat the petitioner's request. CT Page 4529
This court, therefore, for the reasons cited in the Mancuso case, a copy of which is attached herewith determines that the petitioner is equitably estopped from pursuing this action/will not advance the petition by granting the petitioner's motion for testing.
Further, the court concludes, that it is not in this child's best interest to grant the petition.
Pursuant to the discretion vested in the court by Connecticut General Statutes 46b-168, the court denies the petition.
SOCRATES H. MIHALAKOS, JUDGE